UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | Case: 1:22-cv-04667 |
| ) | |
| v. ) | |
| ) | |
| MOLSON DECORATING INC., ) | |
| ) | **Jury Trial Demanded** |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Michael Franklin ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Molson Decorating Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendant's harassment based on race, color, and sex and discrimination on the basis of race and color, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42

U.S.C §2000e(f).

5. During the applicable limitations period, Defendant had at least fifteen employees, was and is an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Michael Franklin, resides in Cook County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Molson Decorating Inc. is a corporation doing business in and for Cook County, Illinois, whose address is 4533 N. Central Park, FL 2, Chicago, IL 60625.

## BACKGROUND FACTS

12. Plaintiff began working for Defendant as a painter in or about April 2020 until Plaintiff was unlawfully terminated on the basis of reporting sexual harassment and on the basis of his race (African-American), and skin color (Black) on April 11, 2022.

13. To the Plaintiff's knowledge, Plaintiff was the only African-American employee employed with the Defendant.

14. On or around April, 2020, the Lead Painter, Mr. Ramon (LNU), (Hispanic, male), began making racial derogatory comments to Plaintiff and sexually harassing Plaintiff when Mr. Ramon would intentionally make sexual gestures towards Plaintiff.

15. Mr. Ramon would single Plaintiff out on the basis of his race and color and assign tasks to Plaintiff that no other similarly situated employee was assigned.

16. Plaintiff immediately reported his concerns to the owner, Mr. Michael Olson, (white) ("Mr. Olson").

17. In or around, April, 2021, Defendant terminated Mr. Ramon's employment.

18. In or around April, 2021, Defendant hired a new Lead Painter, Mr. Michael Horcher (white, male) ("Mr. Horcher").

19. On Mr. Horcher's first day on the job, he began making racial derogatory comments towards Plaintiff. For instance, he made racially derogatory comments such as, "Black people are lazy," and "Black people haven't done anything for this country."

20. Mr. Horcher would also hold up his lighter with a confederate flag label and ask Plaintiff, "Why do we need diversity?" and "Why do Black people act like this?"

21. Plaintiff reported the unlawful discrimination and conduct verbally to Mr. Olson, but Plaintiff's complaints ignored and Defendant did not investigate Plaintiff's complaints.

22. As a result, Mr. Horton taunted and made discriminatory comments consistently throughout Plaintiff's employment.

23. In or around September 2021, Mr. Olson became aware and was a witness to Mr. Horcher's harassment and racist remarks, but ultimately failed to take any disciplinary action

against Mr. Horcher.

24. Subsequently, the discrimination and harassment against Plaintiff became more severe and pervasive.

25. In or around September 2021 and while on a job site, Mr. Horcher asked Plaintiff "Why are all Black people crowding around the fried chicken?" and "What's the blue card that all Black people have?" (Referring to link cards and food stamps).

26. In or around January 2022, Mr. Horcher would grab his genitals every time he would walk past Plainitiff. Mr. Horcher made an excessive amount of sexual gestures and would touch Plaintiff on numerous occasions to the point Plaintiff began suffering emotional stress and began avoiding Mr. Horcher to the best of his ability while he worked.

27. On April 7, 2022, Plaintiff reported the unlawful conduct by Mr. Horcher to Mr. Olson. Plaintiff told Mr. Olson that he felt uncomfortable around Mr. Horcher. Mr. Olson told Plaintiff, "Michael Horcher is helping the business grow."

28. Mr. Olson ignored Plaintiff's complaints and on April 11, 2022, Plaintiff's employment was unlawfully terminated in retaliation for engaging in protected activity under Title VII.

29. Effectively, Plaintiff was terminated on the basis of his race and color and for engaging in protected activity under Title VII.

30. Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

31. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

**COUNT I**
**Race-Based and Color-Based Discrimination**
**Discrimination in Violation of 42 U.S.C. § 1981**

32. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

33. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

34. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

35. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

36. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Race-Based and Color-Based Discrimination**

37. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on race and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

39. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

40. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

41. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

### COUNT III
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Race-Based and Color-Based Harassment**

42. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of race (African-American) and color (black), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

44. Defendant knew or should have known of the harassment.

45. The race and color harassment was severe or pervasive.

46. The race and color harassment was offensive subjectively and objectively.

47. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to their race and color (African-American; black).

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**Sexual Harassment**

49. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

50. Plaintiff is a member of a protected class under Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to their sex (non-binary).

51. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and sexually harassed the Plaintiff in violation of the Title VII.

52. Defendant knew or should have known of the sexual harassment.

53. The sexual harassment was sever or pervasive.

54. The sexual harassment was offensive subjectively and objectively.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
**Violation of 42 U.S.C. § 2000e, *et seq.***
**Retaliation**

56. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

57. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

58. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race and color discrimination and sexual harassment which created a sufficiently severe or pervasive work condition in violation of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

61. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff based on them reporting the discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 31st day of August, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**Chad W. Eisenback, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*