UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL FRANKLIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-04667 |
| | ) | |
| MOLSON DECORATING, INC. | ) | Honorable Manish S. Shah |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW COMES the Defendant, MOLSON DECORATING, INC., by and through its attorney, Lance C. Ziebell of Lavelle Law, Ltd., and for its Motion for Judgment on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, states as follows:

**Statement of Facts**

Plaintiff, Michael Franklin ("Franklin") brings his causes of action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981 of the same act ("Section 1981). *Dkt. #1 at ¶ 1*. Franklin alleges Defendant, Molson Decorating, Inc. ("Molson") has at least 15 employees and is an "employer" under Title VII. *Id.* at ¶ 5. Molson denies this claim and raises an affirmative defense regarding the same. *See Dkt. 6 at ¶ 5 and First Affirmative Defense*. In support of its denial of this allegation, and in support of its First Affirmative Defense, Molson attached an exhibit demonstrating the number of employees on its payroll for 2021 and 2022. *See Dkt. # 6-1*.

Franklin began working for Molson in April of 2020. *See Dkt. #1 at ¶ 12*. During the course of his employment, Franklin was allegedly subjected to racial discrimination, sexual harassment, and retaliation, and, allegedly, reported this to Molson's President, Mike Olson. *Id*.

at ¶¶ 14 – 27. According to Franklin, he was terminated for engaging in protected conduct and due to his race. *Id*. at ¶¶ 29 – 31. Molson denies the vast majority of Franklin's allegations. *See, generally, Dkt. # 6*.

On August 31, 2022, Franklin filed a five count Complaint in this court. *See Dkt. # 1*. Count I is based on Section 1981, while Counts II through V (sic VI) allege various sundry violations of Title VII. *Id*. Molson timely filed its Answer and Affirmative Defenses on October 31, 2022, attaching an exhibit consisting of its payrolls for 2021 and 2022. *See Dkt. #'s 6 and 6-1*.

## General Principles of Law

"Federal Rule of Civil Procedure 12(c) provides: 'After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." *Federated Mutual Insurance Company v. Coyle Mechanical Supply, Inc.*, 983 F.3d 307, 312 (7th Cir. 2020). "Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits." *Id*. (internal citations omitted). "The court must consider 'documents attached to the complaint, documents that are critical to the complaint or referred to in it, and information that is subject to proper judicial notice,' along with additional facts set forth in [Plaintiff's] opposition papers, so long as those additional facts 'are consistent with the pleadings.'" *CFIT Holdings Corporation*, 548 F.Supp.3d 701, 704 (N.D. Ill. 2021) (internal citations omitted).

"The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Id*. "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Id*. at 313. "Thus to succeed, the moving party must demonstrate that there are no material issue of

fact to be resolved." *N. Ind. Guns & Outdoor Sales v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "The court should grant a motion for judgment on the pleadings if 'no genuine issue of material fact remains to be resolved' and the movant 'is entitled to judgment as a matter of law." *U. S. Specialty Insurance Company v. Village of Melrose Park*, 455 F.Supp.3d 681, 687 (N.D. Ill. 2020). "As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party." *Mutual Insurance Company*, 983 F.3d at 313. "District courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case." *Id*.

"As with a Rule 12(b)(6) motion, the court on a Rule 12(c) motion assumes the truth of the operative complaints well-pleaded factual allegations, though not its legal conclusions." *CFIT Holdings Corporation v. Twin City Fire Insurance Company*, 548 F.Supp.3d at 704. "Legal conclusions don't move the needle – the Court need not accept legal assertions as true. *Ruebe v. PartnerRe Ireland Insurance DAC*, 470 F.Supp.3d 829, 842 (N.D. Ill. 2020).

"A motion for judgment on the pleadings is a better way to raise affirmative defenses than a motion to dismiss." *Ruebe*, 470 F.Supp.3d at 843. "The proper way to seek a dismissal raised on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a claim. Rather, the defendant should answer and then move under Rule 12(c) for judgment on the pleadings." *Burton v. Ghosh*, 961 F.3d 960, 964-65 (7th Cir. 2020). "A motion for judgment on the pleadings is not an avenue for adjudicating affirmative defenses unless the pleadings themselves establish the defense." *Ruebe*, 470 F.Supp.3d at 854. "A complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c)." *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012). "But the defense must be impenetrable." *Id*. "Judgment on the pleadings

is proper only if plaintiff's allegations 'show that there is an airtight defense [such that he] has pleaded himself out of court." *Ruebe*, 470 F.Supp.3d at 843 (internal citations omitted). "A motion for judgment on the pleadings is reserved for self-defeating complaints." *Id*.

## **Argument**

Franklin's allegation Molson is an "employer" under Title VII is nothing more than a rank legal conclusion. As such, it is entitled to no weight by this Court. *See CFIT Holdings Corporation*, 548 F.Supp.3d at 704. However, while this rank legal conclusion is entitled to no weight, nor taken as true, by this Court, it does give Molson an airtight and impenetrable defense to Franklin's claim, namely that it is *not* an "employer" under Title VII.

"Title VII makes it 'an unlawful employment practice for an employer to . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006 (citing 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliation for making charges, testifying, assisting, or participating in enforcement proceedings. *See* 42 U.S.C. § 2000e-3(a).

However, "To spare very small businesses from Title VII liability, Congress provided that: 'the term 'employer' means a person engaged in commerce who has fifteen employees for each working day in twenty or more calendar weeks in the current or preceding calendar year . . . ." *Id*. at 504-05 (citing 42 U.S.C. § 2000e(b). Accordingly, a defendant in a Title VII suit is subject to Title VII only if at the time of the alleged conduct it met the statutory definition of "employer." *Walters v. Metropolitan Education Enterprises, Inc.*, 519 U.S. 202, 205 (1997).

The United States Supreme Court and Seventh Circuit use the "payroll method" to

4

determine the number of employees on a given employer's payroll during the current or preceding year. *Id*. at 207; *accord Mizwicki v. Helwig*, 196 F.3d 828, 831 (7th Cir. 1999). The payroll method relies on an individual's appearance on the payroll as opposed to whether an individual is compensated for working on a given work day. *Walters*, 519 U.S. at 207. "Under this method, to establish the defendant is a Title VII employer, the plaintiff must introduce evidence of defendant's payroll records to prove that fifteen or more employees appeared on the employer's payroll for twenty or more calendar weeks in either the year of the alleged violation or the preceding year." *Mizwicki*, 196 F.3d at 831.

Here, Molson has done Franklin's job for him by attaching its payrolls to its Answer and Affirmative Defenses. The payrolls establish, as an undisputable fact, Molson is not an "employer" under Title VII. As demonstrated in the exhibit attached to Molson's Answer and Affirmative Defenses, in 2022, the year of the alleged Title VII violations, Molson had at best, six employees. *See Dkt. # 6-1 at page 2*. For 2021, the year prior to the alleged Title VII violations, Molson had, at best, 9 employees. *Id.* at page 13. Clearly neither of these numbers is 15, so there is no way Molson could have employed 15 individuals for more than 20 calendar weeks in either of 2021 and 2022. As such, Molson is not an "employer" under Title VII and Franklin's Title VII claims fail.

## Conclusion

Franklin alleges Molson is an "employer" under Title VII. It is not, and the fact it is not gives it an airtight and impenetrable defense to Franklin's legal conclusion it is an "employer" under Title VII. Franklin has pled himself out of court and judgment on the pleadings should be entered against him.

NOW, WHEREFORE, the Plaintiff, MOLSON DECORATING, INC., prays that this

Court enter judgment on the pleadings in its favor and against the Plaintiff, MICHAEL FRANKLIN, as to Counts II, III, IV, and V (sic VI) of his Complaint and for such other and further relief as this Court deems just and proper.

                                              Respectfully submitted,
                                              Molson Decorating, Inc.

                                              /s/ Lance C. Ziebell
                                              By: one of its attorneys

Lance C. Ziebell – 6298037
Lavelle Law, Ltd.
Suite 600
1933 North Meacham Road
Schaumburg, Illinois 60173
Phone: 847-705-7555
Email: lziebell@lavellelaw.com
S:\15501-15800\15755\Pleadings\answer.ad.docx